2004 UT 10

STATE of Utah, Plaintiff, Respondent,
and Cross–Petitioner,

v.

Jeffery Russell FINLAYSON, Defendant,
Petitioner, and Cross–Respondent.

No. 20020339.

Supreme Court of Utah.

Jan. 27, 2004.

Mark L. Shurtleff, Att'y Gen., Jeanne B. Inouye, Asst. Att'y Gen., James M. Cope, Salt Lake City, for plaintiff.

Heather Johnson, Robert K. Heineman, Salt Lake City, for defendant.

WILKINS, Justice:

¶ 1 Jeffery Russell Finlayson was originally convicted of rape, forcible sodomy, and aggravated kidnaping. On appeal, the aggravated kidnaping conviction was reversed. *State v. Finlayson*, 956 P.2d 283, 295 (Utah Ct.App.1998). When the case was eventually remitted to the trial court, that court resentenced Finlayson on the two remaining convictions, for which he had already been sentenced. The court of appeals affirmed that resentencing because of the lack of prejudice to Finlayson. We reverse because the trial court had no jurisdiction to resentence Finlayson on the rape and forcible sodomy convictions previously affirmed by the court of appeals.

### BACKGROUND

¶ 2 Finlayson raped and sodomized his victim, whom he knew from school. *Finlayson*, 956 P.2d at 286 (upholding convictions for rape and forcible sodomy). He was sentenced to concurrent terms of five years to life each for his rape and forcible sodomy convictions. Although he was initially convicted of aggravated kidnaping as well, that conviction was reversed on appeal. *Id.* at 295. We affirmed that reversal, *State v. Finlayson*, 2000 UT 10, ¶ 36, 994 P.2d 1243, and the case was remitted to the trial court pursuant to rule 36 of the Utah Rules of Appellate Procedure. The trial court then resentenced Finlayson on the rape and forcible sodomy convictions. The sentences mirrored those initially imposed by the trial court. Finlayson appealed that resentencing to the court of appeals.

¶ 3 Before the court of appeals, Finlayson argued that the resentencing was improper because the trial court failed to resolve alleged discrepancies between the official version of the offense as listed in a presentence investigation report and the evidence at trial. In its disposition of Finlayson's appeal of the resentencing, the court of appeals noted the possibility that the trial court lacked jurisdiction to resentence Finlayson, but ultimately affirmed the action of the trial court because it held that Finlayson was not prejudiced by the failure to resolve any alleged discrepancies, and the "new" sentences were unchanged from those originally imposed.

¶ 4 Both parties petitioned this court for a writ of certiorari. We granted both petitions to consider whether the trial court had jurisdiction to resentence Finlayson after the affirmance of the rape and forcible sodomy convictions and, if so, whether the court of appeals erred in affirming the resentencing despite the trial court's failure to resolve the alleged discrepancies in the presentence investigation report.

### ANALYSIS

#### I. STANDARD OF REVIEW

¶ 5 On certiorari review, we review the court of appeals' decision for correctness. *State ex rel. M.W.*, 2000 UT 79, ¶ 8, 12 P.3d 80. Jurisdictional questions are likewise reviewed for correctness. *Beaver County v. Qwest, Inc.*, 2001 UT 81, ¶ 8, 31 P.3d 1147.

#### II. JURISDICTION TO RESENTENCE

¶ 6 Finlayson contends that due process and rules of procedure required the trial court to resentence him when his conviction for aggravated kidnaping was reversed. According to his argument, sentencing in multiple-conviction cases is based on an overall plan and may be rendered invalid to some degree when one of those convictions is reversed on appeal. The State argues that the two remaining convictions were affirmed by the court of appeals and the trial court had no jurisdiction to resentence Finlayson on those convictions.

¶ 7 After his conviction by a jury of the crimes of aggravated kidnaping, rape, and forcible sodomy, Finlayson appealed to the court of appeals which reversed the aggravated kidnaping charge but "affirm[ed] all other aspects of [Finlayson's] conviction." *Finlayson*, 956 P.2d at 286. Thus, the central question we now face is whether the trial court had jurisdiction to resentence Finlayson for convictions affirmed and unchanged on appeal, simply because another conviction from the same criminal episode was reversed.

## A. Jurisdiction Conveyed by Remittitur

¶ 8 Upon remittitur in this case the trial court apparently concluded that it must resentence Finlayson for his affirmed convictions. The record does not disclose that either party requested the resentencing. The trial court's action was beyond the scope of its jurisdiction because an appellate court's remittitur only conveys such jurisdiction as may be necessary to effectuate the decision of the appellate court, and the appellate decisions in Finlayson's case provided for nothing other than reversal of the aggravated kidnaping conviction. No resentencing was either directed or required.

¶ 9 As we noted in *Chase Manhattan Bank v. Principal Funding Corp.*, 2004 UT 9, ¶ 12, —— P.3d ——, 2004 WL 116416, a remand will almost always contemplate further action by a trial court, but a remittitur is merely the transmission of the record back to the trial court with whatever jurisdiction may be necessary to implement the decision of the appellate court. *Id.* at ¶¶ 9, 12. Where, as here, the appellate opinion simply affirms a conviction, no action is needed by the trial court. The appellate opinions in Finlayson's case were insufficient to convey any jurisdiction for any reconsideration or resentencing on the affirmed counts.

¶ 10 There are essentially three ways that a trial court will regain jurisdiction of a case to do more than merely enter the orders necessary to implement an appellate decision. First, an appellate court may remand with express directions. In such a scenario, the appellate court will expressly use the word "remand," and will sometimes identify the matter to be considered by the trial court. Second, a trial court may regain jurisdiction for further proceedings where the language of the appellate decision unequivocally requires that action. Third, there may be appellate decisions where the language of the decision does not prohibit further action by the trial court and some specific provision of law requires that action. When an appellate court fails to recognize or identify the impact of its ruling on related matters governed by statutes, rules, and the like, the absence of a clear directive by the appellate court will not deprive the trial court of the jurisdiction needed to adjudicate those matters.

¶ 11 In the present case, the appellate language regarding Finlayson's convictions for rape and forcible sodomy does not fall into any of the enumerated categories. Neither this court nor the court of appeals "remanded" those matters. Nor did the appellate language indicate that further action was required. In fact, the court of appeals' language pertaining to the rape and forcible sodomy convictions noted that those convictions were affirmed in "all ... aspects." *Finlayson*, 956 P.2d at 286. Finlayson argues, however, that due process, presumably under the U.S. and Utah Constitutions, rule 22(e) of the Utah Rules of Criminal Procedure, and rule 30(b) of the Utah Rules of Appellate Procedure, required resentencing despite the failure of either appellate court to order it. We disagree.

## B. Jurisdiction Conveyed by Constitutional Due Process Protections

¶ 12 The due process clauses of the U.S. and Utah Constitutions are insufficient to confer jurisdiction on the trial court for resentencing in this case. In support of his due process arguments, Finlayson cites the cases of *United States v. Pimienta–Redondo*, 874 F.2d 9 (1st Cir.1989), and *United States v. Bentley*, 850 F.2d 327 (7th Cir.1988), for the proposition that a criminal defendant must be resentenced after one of a number of convictions is reversed on appeal, despite the affirmance of the convictions for which resentencing is sought. The cases support

no such rule. *Pimienta–Redondo* is a case in which the appellate court specifically ordered resentencing, unlike this case where the trial court acted sua sponte. *Pimienta–Redondo*, 874 F.2d at 12. The lesson to be learned from *Pimienta–Redondo* is that an appellate court may remand for resentencing, not that it must. The *Bentley case* involved an illegal sentence, not an affirmance of a sentence. *Bentley* does not support the proposition that an otherwise legal sentence must be revisited in the trial court after reversal of a related conviction. Jurisdiction for correction of an illegal sentence is not found in due process principles but in rule 22(e) of the Utah Rules of Criminal Procedure, which we address below. When a person is convicted and sentenced for multiple crimes in one proceeding, and one or more of those convictions is reversed on appeal, due process does not necessarily require that the defendant be resentenced on the affirmed convictions.

¶ 13 According to Finlayson, resentencing must be available because there may be situations where a trial court's overall sentencing plan is so damaged by the reversal of a component conviction that justice requires resentencing to restore the balance of aggravating and mitigating factors, to properly evaluate sentence enhancements, and to ameliorate other such concerns raised by the reversal. Indeed, the court in *Pimienta–Redondo* recognized this rationale for resentencing when it concluded that

> when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand … if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

874 F.2d at 14. Although due process principles are not necessarily violated by a failure to permit resentencing after reversal of a component conviction, we recognize that

there may be instances where resentencing is warranted. In such cases, appellants should include as part of their appeal a request for resentencing in the event that one or more component convictions is reversed. Accompanying that request should be arguments why resentencing is appropriate given the facts of the specific case. If the appellate court agrees that resentencing is appropriate, it will direct the trial court to resentence. No such direction was made by either the court of appeals or this court in Finlayson's initial appeals.

### C. Jurisdiction Conveyed by Rule 22(e) of the Utah Rules of Criminal Procedure

■ ¶ 14 Another jurisdictional basis argued by Finlayson is rule 22(e) of the Utah Rules of Criminal Procedure, which provides for continuing jurisdiction for a trial court to correct an illegal sentence. Finlayson essentially argues that the sentence for aggravated kidnaping was illegal and resentencing on the other convictions is warranted. However, Finlayson was sentenced not to one term of imprisonment for three separate crimes, but for three separate terms for three separate crimes. The court of appeals only reversed one conviction and sentence, affirming all the others. Accordingly, only the sentence for aggravated kidnaping was illegal. Each conviction and sentence was distinct and a determination of its legality must be based on that conviction and sentence, not the entirety of offenses covered by one proceeding. As such, rule 22(e) has no application here.

### D. Jurisdiction Conveyed by Rule 30(b) of the Utah Rules of Appellate Procedure

■ ¶ 15 Finlayson also asserts that rule 30(b) of the Utah Rules of Appellate Procedure conveyed jurisdiction on the trial court for resentencing. He argues that the rule provides for proceedings in order to execute the judgment of the appellate court. Given that neither this court nor the court of appeals identified how its decision affected his sentence, contends Finlayson, the trial court must conduct further proceedings to implement the appellate decisions. For much the same reason that his rule 22(e) argument

fails, his argument under rule 30(b) fails as well—each conviction must be viewed independently. The court of appeals unequivocally affirmed Finlayson's convictions for rape and forcible sodomy. Nothing further was required of the trial court relative to those convictions—a valid sentence existed for each conviction. As for the aggravated kidnaping conviction, all that was required was an order vacating the judgment of conviction. Rule 30(b) does not contemplate the total resentencing urged by Finlayson.

## CONCLUSION

¶ 16 Because neither this court nor the court of appeals ordered the trial court to resentence Finlayson on the affirmed counts—either expressly or impliedly—and there is no other provision of law requiring resentencing in this case, the trial court was without jurisdiction to resentence Finlayson. Accordingly, we reverse the court of appeals and order vacation of the resentencing. The sentences originally imposed by the trial court are valid and we do not reach the issues regarding the accuracy of the presentence investigation report used in the resentencing proceeding. We reverse and remand for proceedings consistent with this opinion.

¶ 17 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice WILKINS' opinion.