2006 UT 32

**STATE of Utah, Plaintiff and Respondent,**

v.

**Robert Ellis COX, Defendant and Petitioner.**

**No. 20040894.**

Supreme Court of Utah.

May 26, 2006.

Mark L. Shurtleff, Att'y Gen., Laura B. Dupaix, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Linda M. Jones, Salt Lake City, for defendant.

PARRISH, Justice:

## INTRODUCTION

¶ 1 We granted Richard Ellis Cox's petition for certiorari to determine whether an appellate court has the authority to remand a criminal case for nunc pro tunc resentencing after it has determined that it lacks jurisdiction over the matter. At the time we granted certiorari, a defendant who could demonstrate that he had been denied the constitutional right to appeal his conviction was entitled to be resentenced nunc pro tunc, thereby effectively reinstating his time to appeal. Our recent opinion in *Manning v. State*[1] replaced the nunc pro tunc procedure with one utilizing a straightforward reinstatement of the right to appeal. Consequently, the issue now before us is whether we may direct the trial court to reinstate Cox's time for appealing his conviction or whether Cox must seek reinstatement of his right to appeal in the trial court. We hold that a trial court, rather than an appellate court, is the appropriate forum for a defendant seeking reinstatement of his right to appeal under *Manning*. We therefore affirm the court of appeals' order dismissing Cox's appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In October 2003, a jury convicted Cox of several first degree felonies involving the sexual abuse of a child. On December 5, 2003, Cox's counsel moved for a new trial. Three days later, Cox was sentenced to a number of consecutive and concurrent prison terms of indeterminate lengths. During sentencing, Cox's counsel expressed the erroneous belief that the filing of the motion for a new trial had stayed "the necessity of filing an appeal ... pending the resolution of that [motion]."

¶ 3 Cox's motion for a new trial was heard on March 2, 2004. During the hearing, Cox's counsel made several references to Cox's intent to file a notice of appeal. The trial court denied the motion for a new trial at the conclusion of the hearing, and Cox filed a notice of appeal on April 8, 2004. The State then moved for summary dismissal, arguing that the appeal was untimely.

¶ 4 In response, Cox filed in the court of appeals a "Motion to Temporarily Remand for Resentencing." Cox argued that because his attorney was ineffective in perfecting his appeal, the court of appeals should remand the case to the district court for nunc pro tunc resentencing. The court of appeals declined to do so, holding that it lacked jurisdiction because the notice of appeal was untimely. It explained that Cox's motion for a new trial, which was made before sentencing, was "premature"; therefore, it had not tolled the time for filing the notice of appeal.[2]

¶ 5 Cox petitioned this court for certiorari, which we granted. We have jurisdiction to hear this case pursuant to Utah Code section 78–2–2(5) (2002).

## ANALYSIS

¶ 6 We review "the court of appeals' decision for correctness and grant no deference to its conclusions of law."[3] Jurisdictional issues, which the parties can raise at any time, are also reviewed for correctness.[4]

¶ 7 As originally framed, the issue on which we granted certiorari required us to examine the scope of an appellate court's authority to order nunc pro tunc resentencing in those cases where the appellate court lacked jurisdiction but the defendant had been denied his constitutional right to appeal. Because *Manning* replaced nunc pro tunc resentencing with a simple procedure allowing the reinstatement of a defendant's time to appeal, the issue presented for our consid-

1. 2005 UT 61, 122 P.3d 628.

2. *State v. Cox*, 2004 UT App 277U, para. 1, 2004 WL 1850594.

3. *State v. Shipp*, 2005 UT 35, ¶ 8, 116 P.3d 317.

4. *State v. Finlayson*, 2004 UT 10, ¶ 5, 84 P.3d 1193; *James v. Galetka*, 965 P.2d 567, 570 (Utah Ct.App.1998).

eration is whether an appellate court may remand for a *Manning* reinstatement procedure in cases where it has determined that it lacks jurisdiction over a direct appeal. We conclude that allowing such a procedure would be unwise. We accordingly affirm the court of appeals' dismissal of this case but vacate its reasoning.

## I. *MANNING* HAS REPLACED THE NUNC PRO TUNC RESENTENCING SCHEME

¶ 8 *Manning v. State*[5] provides the starting point for our discussion. In *Manning,* we held that nunc pro tunc resentencing is no longer the appropriate remedy for defendants who have been denied their constitutional right to appeal.[6] In its place, we instituted a new remedy for defendants who have been denied their right to pursue an appeal through no fault of their own.[7]

¶ 9 Under the *Manning* procedure, a defendant who can establish that he has been unconstitutionally denied the right to appeal may make a motion in "the *trial* or *sentencing court* [to] reinstate the time frame for filing a direct appeal."[8] A defendant seeking reinstatement bears the burden of showing an unconstitutional denial of his right to appeal by a preponderance of the evidence.[9] In *Manning,* we identified a non-exclusive list of circumstances, drawn from our prior case law, under which we had found an unconstitutional denial of a defendant's right to appeal.[10] Those circumstances were that

(1) the defendant asked his or her attorney to file an appeal but the attorney, after agreeing to file, failed to do so; (2) the defendant diligently but futilely attempted to appeal within the statutory time frame without fault on the defendant's part; or (3) the court or the defendant's attorney

failed to properly advise [the] defendant of the right to appeal.[11]

¶ 10 Because Cox's case arguably falls within these enumerated circumstances, he could have simply pursued a *Manning* remedy in the trial court. Instead, Cox asked the court of appeals to remand his case and direct the trial court to take the action necessary to reinstate his right to appeal. We therefore address whether an appellate court can direct a trial court to give such relief.

## II. *MANNING* RELIEF MUST BE SOUGHT IN THE TRIAL COURT

¶ 11 We hold that motions seeking reinstatement of a defendant's time to appeal must be filed in the trial court. And in the interests of uniformity and consistency, we decline to recognize appellate court authority to direct that a trial court reinstate the time for appeal.

¶ 12 Our opinion in *Manning* clearly contemplates this result. *Manning* states that "upon *a defendant's motion,* the *trial or sentencing court* may reinstate the time frame for filing a direct appeal."[12] In other words, a defendant must file a motion in the trial court before the court can reinstate his time for appeal.

¶ 13 This result is consistent with the practical realities of a motion seeking to reinstate the time for appeal. A defendant seeking reinstatement of his right to appeal has the burden of proof and must establish by a preponderance of the evidence that he has been unconstitutionally denied his right to appeal.[13] The appropriate setting for presenting such evidence is in the trial court. Trial courts are uniquely equipped to take evidence and resolve any factual disputes. Conversely, appellate courts lack a mechanism for the presentation of evidence and the resolution of factual disputes.

---

5. 2005 UT 61, 122 P.3d 628.

6. *Id.* ¶ 11.

7. *Id.* ¶ 25.

8. *Id.* ¶ 31 (emphasis added).

9. *Id.* ¶ 32.

10. *Id.* ¶¶ 31–32.

11. *Id.* ¶ 31 (citations omitted).

12. *Id.* (emphasis added).

13. *Id.*

¶ 14 In urging this court to order a reinstatement of his right to appeal on remand, Cox points out that our *Manning* opinion considered a reinstatement of Manning's right to appeal without requiring that Manning file a new motion in the trial court and without remanding for an evidentiary hearing.[14] But *Manning* is distinguishable because Manning had already filed a petition for an extraordinary writ seeking nunc pro tunc resentencing in the district court.[15] And it was the denial of this petition that was the subject of Manning's appeal.[16] In contrast here, Cox first sought relief from the alleged denial of his right to appeal in the court of appeals after his appeal had been dismissed. And unlike Manning, Cox has yet to ask the district court for relief or to present any evidence to the district court supporting his claim that he has been unconstitutionally denied his right to appeal.

## CONCLUSION

¶ 15 Consistent with our opinion in *Manning* and the interests of uniformity and consistency, we hold that a defendant seeking reinstatement of his right to appeal under *Manning* must file a motion in the trial court. We therefore affirm the court of appeals' dismissal of Cox's appeal. In so holding, we emphasize that we are not foreclosing Cox's ability to seek reinstatement of his time for appeal under *Manning*. Rather, we are merely clarifying that if Cox wishes to pursue a *Manning* remedy, he must seek such relief in the trial court.

¶ 16 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH's opinion.