2008 UT App 191

**STATE of Utah, Plaintiff and Appellee,**

**v.**

**Uriel CHAVEZ–ESPINOZA, Defendant and Appellant.**

**No. 20061090–CA.**

Supreme Court of Utah.

May 22, 2008.

Randall T. Gaither, Salt Lake City, for appellant.

Mark L. Shurtleff, atty. gen., and Jeanne B. Inouye, asst. atty. gen., Salt Lake City, for appellee.

Before GREENWOOD, P.J., THORNE, Associate P.J., and BENCH, J.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Defendant Uriel Chavez–Espinoza appeals from his convictions of one count of aggravated burglary, a first degree felony,

see Utah Code Ann. § 76–6–203(2) (2003); one count of aggravated assault, a second degree felony, see id. § 76–5–103(2); and three counts of simple assault, a class A misdemeanor, see id. § 76–5–102(3)(a). Defendant was sentenced to nine years to life for the aggravated burglary conviction to run concurrently with a prison term of one to fifteen years for the aggravated assault and with sixty-day jail terms for each of the simple assaults. Defendant argues, inter alia, that the trial court made numerous errors and that he received ineffective assistance of counsel. We affirm.

## BACKGROUND [1]

¶ 2 On December 24, 2005, Defendant arranged for his cousin, Adrian Ramirez, to purchase twenty dollars worth of cocaine from Defendant's friend. After the cocaine "did not work," Ramirez returned it to Defendant's friend for a refund of the purchase price.

¶ 3 One week later, at around 3:00 a.m. on January 1, 2006, Defendant, apparently upset at Ramirez for returning the cocaine, called Ramirez and threatened him. Defendant was insistent that Ramirez should meet with him to fight, but Ramirez told Defendant that he was not interested. Unable to pacify Defendant, Ramirez ended the escalating phone conversation and went back to sleep.

¶ 4 Approximately one hour later, someone knocked on the door of Ramirez's family's apartment where Ramirez was located. As soon as Ramirez opened the door, Defendant swung his fist into the apartment and hit Ramirez. Defendant was accompanied by four friends, three of whom entered the apartment with broken bottles to fight others present in the apartment—including Rosa Solis. One of Defendant's friends pulled Ramirez out of the apartment, at which point Defendant hit Ramirez on the face approximately seven times. As the rest of the melee poured from the apartment, Defendant's friends also began hitting Ramirez. Tempo-

1. "We view the facts in the light most favorable to the jury verdict and recite them accordingly."

State v. Loose, 2000 UT 11, ¶ 2, 994 P.2d 1237.

rarily escaping the fighting, Ramirez ran to the parking lot and hid underneath a truck.

¶ 5 Eventually, Ramirez's father broke up the fighting outside the apartment door and "was able to separate [his] family from [Defendant] and [Defendant's] friends." Defendant left the exterior hallway and went to the parking lot where he located Ramirez hiding underneath the truck. After pulling Ramirez from his hiding spot, Defendant and all four of Defendant's friends began hitting Ramirez. Defendant sat on Ramirez's chest and held him down while saying, "You're going to die, dog." While sitting on Ramirez's chest, Defendant repeatedly asked for one of his friends to "hand [him] the knife." Just prior to passing out, Ramirez could feel his head being cut.

¶ 6 As a result of this incident, Defendant was charged with one count of aggravated burglary, one count of child abuse, one count of aggravated assault, and four counts of simple assault. In addition, Defendant was charged, on all counts, with criminal responsibility for the conduct of another, *see* Utah Code Ann. § 76–2–202 (2003), and with committing all the offenses in concert with two or more persons (the gang-enhancement statute), *see id.* § 76–3–203.1 (Supp.2007). A jury convicted Defendant of aggravated burglary, aggravated assault, and three counts of simple assault. The jury also separately found that Defendant had committed all of these offenses in concert with two or more persons. However, Defendant was acquitted on one count of simple assault and on the one count of child abuse. Defendant now appeals his convictions, arguing, in essence, that the trial court made numerous errors and that he received ineffective assistance of counsel.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 Although Defendant presents numerous issues for review on appeal, for reasons detailed below, we decline to address many of Defendant's claims for lack of preservation, inadequate briefing, or failure to marshal the evidence. A claim will generally not be reviewed on appeal unless it is properly preserved in the trial court. *See* Utah R.App. P. 24(a)(5); *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. Likewise, a claim will

not be reviewed by an appellate court where the "brief wholly lacks legal analysis and authority to support ... [the] argument." *State v. Wareham*, 772 P.2d 960, 966 (Utah 1989). Finally, in order to challenge a trial court's factual findings, a party must marshal all the evidence in favor of the very findings they oppose on appeal. *See* Utah R.App. P. 24(a)(9); *West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1315 (Utah Ct.App.1991). Where the challenging party fails to adequately marshal the evidence, we will generally presume that the record supports the trial court's factual findings. *See Martinez v. Media–Paymaster Plus*, 2007 UT 42, ¶¶ 18–20, 164 P.3d 384.

¶ 8 Nevertheless, Defendant argues that he received ineffective assistance of counsel because his counsel failed to maintain sufficient contact with Defendant such that counsel could not adequately prepare for trial. "Where, as here, a claim of ineffective assistance of counsel is raised for the first time on appeal without a prior evidentiary hearing, it presents a question of law." *State v. Bryant*, 965 P.2d 539, 542 (Utah Ct.App. 1998).

## ANALYSIS

### I. Inconsistent Verdicts and Lesser Included Offense Instruction

¶ 9 Defendant first argues that the guilty verdict on the aggravated burglary charge is so inconsistent with the not guilty verdict on the charge of assault with respect to Rosa Solis that a new trial is warranted. Separately, Defendant argues that the trial court erred in failing to sua sponte instruct the jury as to the potential lesser included offense of criminal trespass. "As a general rule, claims not raised before the trial court may not be raised on appeal." *Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. We will review an issue only if the appealing party's brief provides "(A) citation to the record showing that the issue was preserved in the trial court; or (B) a statement of grounds for seeking review of an issue not preserved in the trial court." Utah R.App. P. 24(a)(5). An issue is properly preserved in the trial court where the record shows that "(1) the issue is raised

in a timely fashion; (2) the issue is specifically raised; and (3) the issue is supported by evidence or relevant legal authority." *Hatch v. Davis*, 2004 UT App 378, ¶ 56, 102 P.3d 774.

¶ 10 Defendant fails to cite to the record to show that the issues of verdict inconsistency and instruction as to the lesser included offense were preserved in the trial court. Furthermore, we have found no record evidence that Defendant raised these issues at all, that he raised them specifically, or that the issues were supported by evidence or legal authority. *See id.* Moreover, Defendant offers no alternative grounds upon which we may review these unpreserved issues.[2] As such, we decline to review Defendant's claims that the inconsistency of the verdicts is sufficient to warrant a new trial or that the trial court erred in failing to instruct the jury as to the lesser included offense of criminal trespass.[3]

## II. Jury Instructions

 ¶ 11 Defendant also argues that the instructions[4] given to the jury were manifestly unjust in that they incorrectly stated the law and failed to instruct as to the requisite mens rea. "Unless a party objects to an instruction or the failure to give an instruction, the instruction may not be assigned as error except to avoid manifest injustice." Utah R.Crim. P. 19(e). "However, if counsel, either by statement or act, affirmatively represented to the court that he or she had no objection to the jury instruction, we will not review the instruction under the manifest injustice exception." *State v. Hamilton*, 2003

UT 22, ¶ 54, 70 P.3d 111. Adherence to this rule not only "discourages parties from intentionally misleading the trial court so as to preserve a hidden ground for reversal on appeal," but also "fortifies our long-established policy that the trial court should have the first opportunity to address the claim of error." *Id.* (internal quotation marks omitted).

¶ 12 Defendant contends that the jury instructions in their totality were improper because they failed to adequately define the specific intent for all of the charged offenses and they allowed for an impermissibly significant increase in the severity of Defendant's potential punishment.[5] Despite these contentions, Defendant fails to point to any record evidence showing that he objected to, and thereby preserved, these issues in the trial court. In fact, after an off-the-record discussion with counsel for both parties, the trial court asked if either party "wish[ed] to make a record as to jury instructions that were or were not given." In response, Defendant's counsel stated that his "only objection ... would be to instruction number 36."[6] By stating clearly on the record that he only objected to jury instruction 36, Defendant's counsel "affirmatively represented to the [trial] court that he ... had no objection to the [remaining] jury instruction[s]." *See id.* Thus, we will not review Defendant's claims of manifest injustice with respect to jury instructions given or omitted.

 ¶ 13 In the alternative, Defendant alleges that his counsel was ineffective in failing to object to the jury instructions as pre-

---

2. Defendant, in his reply brief, argues that appellate review is nevertheless justified because the trial court's failure to instruct as to the lesser included offense of criminal trespass was a manifest injustice. However, we will not review an issue first raised in a reply memorandum. *See* Utah R. Civ. P. 7(c)(1) (stating that "a reply memorandum ... shall be limited to rebuttal of matters raised in the memorandum of opposition"); *Stevens v. LaVerkin City*, 2008 UT App 129, 183 P.3d 1059.

3. We also note that Defendant approved the jury instructions as presented at trial and, thus, is barred from claiming error as to the absence of the lesser included offense instruction on appeal. *See State v. Hamilton*, 2003 UT 22, ¶ 54, 70 P.3d 111.

4. Defendant specifically objects to the propriety of instructions 26, 33, 34, and 35.

5. More specifically, Defendant argues that (1) instruction 26, which defined aggravated burglary, was too vague and improperly allowed the jury to impute intent to Defendant based on its classification of Defendant as "a party to the offense"; (2) instruction 33 misstated Utah law; (3) instruction 34 improperly allowed the jury to infer Defendant's intent solely by association; and (4) instruction 35 was confusing.

6. Defendant's counsel objected to instruction 36 based solely on his belief that it was duplicative of instruction 40. Defendant does not object to this instruction on appeal.

sented at trial. To prevail on an ineffective assistance claim, Defendant "must show that his trial counsel's performance was deficient, in that it 'fell below an objective standard of reasonableness,' and that the deficient performance prejudiced the outcome of the trial." *State v. Winward,* 941 P.2d 627, 635 (Utah Ct.App.1997) (quoting *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Furthermore, "[n]either speculative claims nor counsel's failure to make futile objections establishes ineffective assistance of counsel." *State v. Chacon,* 962 P.2d 48, 51 (Utah 1998).

¶ 14 Defendant argues that the instructions as given to the jury were, in their totality, unfair and confusing, omitted requisite criminal elements, and even misstated Utah law. However, upon review of the jury instructions, we find that they adequately defined the elements of the offenses for which Defendant was charged, clearly stated that the burden of proof rested, at all times, with the State, and correctly reflected Utah law. Moreover, the jury was properly instructed that to be convicted, Defendant must be found to have had the necessary intent to commit the crimes for which he was charged.

¶ 15 For example, instruction 26 informed the jury that

To convict the defendant on Count 1, AGGRAVATED BURGLARY you must believe from all of the evidence and beyond a reasonable doubt each of the following elements:

1. That on or about January 1, 2006,
2. in the State of Utah,
3. the defendant, as a party to the offense,
4. entered or remained unlawfully
5. in a building or any portion of a building
6. with the intent to commit a felony, theft, or an assault on any person,

. . . .

This instruction clearly states the requirement that Defendant have the necessary intent and places the burden of proof squarely on the State. Any objection by Defendant's counsel to this instruction would have been futile and, therefore, need not have been made. *See id.* We reach the same conclusion regarding the other instructions with which Defendant takes issue on appeal. Thus, we cannot say that Defendant's counsel was ineffective in failing to further challenge the instructions as given.

### III. Ineffective Assistance of Counsel

¶ 16 Defendant further claims that his counsel was ineffective in failing to maintain contact with Defendant such that counsel could not adequately prepare for trial.[7] An ineffective assistance of counsel claim, raised for the first time on appeal, presents a question of law. *See State v. Bryant,* 965 P.2d 539, 542 (Utah Ct.App.1998). As stated earlier, to prevail on an ineffective assistance claim, Defendant must show not only "that his trial counsel's performance . . . fell below an objective standard of reasonableness," but also that his counsel's deficient representation "prejudiced the outcome of the trial." *Id.* (internal quotation marks omitted).

¶ 17 Defendant argues on appeal that it was his counsel, not Defendant himself, who was responsible for the failure to maintain contact sufficient for his counsel to prepare for trial. In support of this argument, Defendant generally alleges that the court inappropriately blamed Defendant, not counsel, for the failure to maintain adequate contact prior to trial. Additionally, Defendant alleges that the trial court erred in blaming Defendant without adequately discussing the reasons behind the insufficient contact.

¶ 18 The record reflects that on the first day of trial there was a discussion regarding the trial court's earlier denial of Defendant's

---

7. In addition, Defendant briefly refers to other ways in which his counsel was ineffective, including that counsel failed to (1) object to jury composition, (2) propose effective pretrial motions and jury instructions, (3) insist that Defendant's guilt and the gang enhancement be deliberated separately by the jury, and (4) object to the prosecutor's "central theme" of party liability. However, Defendant presents no more than cursory reference to these claims, providing no meaningful legal analysis, and, as such, we do not review them. *See Valcarce v. Fitzgerald,* 961 P.2d 305, 313 (Utah 1998).

Motion to Continue. In reaffirming its decision, the trial court noted

> that the Defendant had for a period of time not kept in contact with his counsel. There's been no evidence presented to the Court that the Defendant was in any way unable to make contact with his counsel. He has retained counsel from the very beginning of this case. He's appeared faithfully at court hearings. His trial has been set since May 10th of 2006. . . .
>
> The court did not receive any motion to withdraw as counsel or motion to continue the case until[ ] less than one week before trial was to commence. Based on those circumstances I believe that the Defendant does have a duty to maintain contact with his counsel and I'm not swayed that he had any legitimate reason for not doing so or that he was rendered incapable or unable to do so.

¶ 19 Defendant presents only speculative evidence to rebut the trial court's statement. Defendant also fails to show that his counsel was responsible for the failure to maintain contact or that, had contact been maintained, the outcome of the case would have been different. In other words, Defendant has failed to show that his counsel performed deficiently or, assuming that counsel did, that Defendant was prejudiced thereby. As such, and in light of the record before us, we reject Defendant's contention that his counsel was ineffective in failing to maintain contact with Defendant prior to trial.

### IV. Sufficiency of the Evidence and Denial of Defendant's Motion to Dismiss

¶ 20 Defendant challenges the sufficiency of the evidence supporting the jury verdict on the aggravated burglary charge. Defendant also argues that the trial court erred in denying Defendant's motion to dismiss at the end of the State's case. In order to challenge a jury verdict or denial of a motion to dismiss, the challenging party must marshal the evidence in support of the jury's verdict and the trial court's findings.

*See* Utah R.App. P. 24(a)(9). The first step toward "properly discharg[ing] th[is] duty [is to] ... present, in comprehensive and fastidious order, every scrap of competent evidence introduced at trial which *supports* the very findings [Defendant] resists." *West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1315 (Utah Ct.App.1991). Attempts to marshal the evidence by inclusion in an appendix to the brief do not comply with the marshaling requirement. *See A.K. & R. Whipple Plumbing & Heating v. Aspen Constr.*, 1999 UT App 87, ¶ 28, 977 P.2d 518; *DeBry v. Cascade Enters.*, 879 P.2d 1353, 1360 n. 3 (Utah 1994). Where a party fails to meet the marshaling requirement, we generally will assume that the evidence on record adequately supports the trial court's findings. *See Martinez v. Media–Paymaster Plus*, 2007 UT 42, ¶¶ 18–20, 164 P.3d 384.

¶ 21 Defendant has inadequately briefed these claims in that he has failed to satisfy the marshaling requirement. In fact, Defendant's only attempt at marshaling the evidence was insufficient because he merely presented the evidence in the form of transcripts in the addenda attached to his brief. Thus, we hold that the evidence was sufficient to support both the denial of Defendant's motion to dismiss and the jury verdict of guilty as to the aggravated burglary charge. *See id.*

### V. Dismissal of Prospective Jurors for Cause

¶ 22 Defendant also claims that the trial court erred in striking two jurors for cause over the objection of Defendant's counsel.[8] "Even if the trial court has erroneously granted or denied a challenge for cause, ... to prevail on a claim of error based on the failure to remove a juror for cause a defendant must demonstrate prejudice, *viz.*, show that a member of the jury was partial or incompetent." *State v. Finlayson*, 956 P.2d 283, 290 (Utah Ct.App.1998) (internal quotation marks omitted), *rev'd in part on other grounds*, 2004 UT 10, 84 P.3d 1193. The

---

8. Defendant further claims that "[t]he trial court committed plain error by denying [his] equivocal [sic] challenge of [a third juror] for cause, and by failing to sua sponte remove [that juror] for cause." However, Defendant presents no analysis or record support for this claim and, as such, we decline to address it. *See id.*

record clearly shows that Defendant objected to and thereby preserved his claim on appeal regarding the dismissal of the two jurors in question. However, Defendant's briefs are inadequate as he has presented no reasoning or legal analysis to support these claims of error. *See State v. Wareham*, 772 P.2d 960, 966 (Utah 1989). Instead, Defendant simply points to the fact that the trial court struck these two jurors, over Defendant's objections, and asks this court to find that this constitutes reversible error. Moreover, Defendant has not alleged, much less shown, that he was prejudiced, i.e., that a biased or incompetent juror sat. *See Finlayson*, 956 P.2d at 290. Thus, even if we were to reach this argument, Defendant has shown no prejudice and, as such, his claim is unavailing.

## VI. Objections to Jury Composition

▉ ¶ 23 Defendant next alleges that he was denied his constitutional right to a fair jury drawn from a representative cross-section of the community because no members of the venire were of Defendant's ethnic group.[9] The Utah Supreme Court recently reemphasized its stance on such objections, stating that, since 1991, it

> ha[s] never deviated from the rule that a challenge to the composition of the jury must be raised before the jury is sworn in.... It has therefore long been the law in Utah that constitutional challenges to the composition of the jury—both the venire and to the selected jury—must be raised before the jury is sworn.

*State v. Valdez*, 2006 UT 39, ¶ 35, 140 P.3d 1219 (citations omitted). Defendant points to no record evidence showing that he objected to the composition of the jury prior to the jury being sworn. We therefore decline to address Defendant's claim that he was denied a fair jury drawn from a representative cross-section of the community.

## VII. Trial Court's Failure to Sua Sponte Declare a Mistrial

▉ ¶ 24 In addition, Defendant argues that the trial court violated its duty to sua

sponte declare a mistrial when a witness voluntarily stated, in front of the jury, that Defendant had threatened his family. The record on appeal clearly shows, however, that Defendant's counsel objected to the statement when it was made and that the trial court granted Defendant's objection and struck the statement as "not responsive to the question that was posed." Defendant made no further objections and did not request a mistrial or a cautionary instruction. Nevertheless, the trial court cautioned the jury that "any evidence ordered stricken out by the Court must not be considered by [the jury] as evidence in this case."

¶ 25 Defendant argues that striking the statement and cautioning the jury to disregard it when deliberating was not enough. More specifically, Defendant suggests that, in the absence of a request for a mistrial by a defendant himself, the trial court has a duty to sua sponte declare a mistrial where "the inherent prejudice [i]s unfair and create[s] a presumption that [the defendant i]s a person of bad character." However, Defendant does not allege plain error or exceptional circumstances to otherwise justify our review of this unpreserved issue. Additionally, Defendant's brief is wholly inadequate in that it includes no legal support for this argument. *See Wareham*, 772 P.2d at 966. Thus, we do not address Defendant's claim that the trial court had a duty to sua sponte declare a mistrial.

## VIII. Reconsideration of Rule 23B Motion for Remand

▉ ¶ 26 Finally, Defendant asks this court to reconsider its earlier denial of Defendant's rule 23B motion for remand. *See State v. Espinoza*, No. 20061090–CA (Utah Ct.App., May 31, 2007) (order denying motion for remand). A rule 23B motion is "available only upon a nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel was ineffective." Utah R.App. P. 23B(a). Despite this court's earlier denial of Defendant's same motion,

---

**9.** In the alternative, Defendant argues that his trial counsel was ineffective in failing to object to the jury composition. However, we decline to

address this claim because it was inadequately briefed. *See supra* note 7.

Defendant presents no new "nonspeculative allegation of facts," *id.*, claiming only that "the filing of this [appellate] Brief . . . shows . . . the entire context of the matter and the necessity of additional testimony concerning the issue of ineffective assistance of counsel." In light of Defendant's failure to satisfy the requirements of rule 23B, we decline to reconsider Defendant's rule 23B motion.

## CONCLUSION

¶ 27 In conclusion, we hold that Defendant did not preserve his claims that the verdicts were inconsistent or that the trial court erred in failing to instruct the jury as to the possible lesser included offense. We also conclude that Defendant invited any alleged error in the jury instructions and, thus, we will not review them on appeal. Additionally, Defendant's counsel was not ineffective in failing to maintain adequate contact with Defendant prior to trial. We further hold, in light of Defendant's failure to marshal the evidence, that there was sufficient evidence to support the jury's guilty verdict on the aggravated burglary charge and that the trial court did not err in denying Defendant's motion for a directed verdict. Moreover, the inadequacy of Defendant's brief, among other reasons, does not permit us to review Defendant's claims that (1) the trial court erred in striking jurors for cause; (2) the jury as impaneled violated Defendant's constitutional rights; and (3) the trial court should have sua sponte granted a mistrial. Finally, Defendant presents no new nonspeculative allegation of facts not contained in the record, and we therefore do not reconsider our denial of Defendant's earlier rule 23B motion. Based on the foregoing, we affirm.

¶ 28 WE CONCUR: WILLIAM A. THORNE JR., Associate Presiding Judge, and RUSSELL W. BENCH, Judge.