2011 UT App 95

**STATE of Utah, Plaintiff and Appellee,**

v.

**Michael SCHWABLAND, Defendant and Appellant.**

**No. 20090401–CA.**

Court of Appeals of Utah.

March 24, 2011.

Shelden R. Carter, Provo, for Appellant.

Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee.

Before Judges DAVIS, THORNE, and CHRISTIANSEN.

## MEMORANDUM DECISION

CHRISTIANSEN, Judge:

¶ 1 Defendant Michael Schwabland was tried and convicted of aggravated bur-

---

glary, *see* Utah Code Ann. § 76–6–203 (2008).[1] On appeal, Schwabland challenges the trial court's denial of his motion to dismiss made at the close of the State's case-in-chief.[2] We affirm.

¶ 2 Schwabland's brief does not meet many of the requirements of rule 24 of the Utah Rules of Appellate Procedure, *see* Utah R.App. P. 24(a). "Our rules of appellate procedure clearly set forth the requirements that appellants and appellees *must* meet when submitting briefs." *MacKay v. Hardy*, 973 P.2d 941, 947 (Utah 1998) (declining to address any of the cross-appellant's arguments because he "utterly failed to comply with [the] briefing requirements").

¶ 3 To begin, Schwabland does not provide us with "the standard of appellate review with supporting authority" for his issue on appeal, *see* Utah R.App. P. 24(a)(5), and he does not cite to the record showing where he preserved his issue in the trial court, *see id.* R. 24(a)(5)(A) (requiring that parties cite to the record below to demonstrate where they preserved the issue). Schwabland also neglected his responsibility to correctly cite to the record when presenting his statement of the facts, *see id.* R. 24(a)(7), (e). Also, in his argument section, Schwabland fails to cite to the "parts of the record" on which he relied, even though he relied heavily on trial transcripts. *See id.* R. 24(a)(9).

■ ¶ 4 Moreover, Schwabland fails to marshal the evidence as required by rule 24. *See id.* "In order to challenge a ... denial of a motion to dismiss, [Schwabland] must marshal the evidence in support of the ... trial court's findings." *State v. Chavez–Espinoza*, 2008 UT App 191, ¶ 20, 186 P.3d 1023, *cert. denied*, 199 P.3d 367 (Utah 2008). Instead of marshaling the evidence, Schwabland merely reargues his case by recounting a version of the facts most favorable to him, and highlights inconsistencies in the testimonies of several witnesses at trial by providing evidence of their prior false statements. He disregards evidence that supports the court's

findings, for example, the testimony indicating that he held Mr. Godfrey at gunpoint, assaulted and injured Mr. Godfrey in the bedroom, and possessed a firearm while doing so. Although Schwabland "emphasiz[es] the evidence that supported his position, [he] has left it to the court to sort out what evidence actually supported the findings," *see State v. Scheel*, 823 P.2d 470, 473 (Utah Ct.App.1991) (internal quotation marks omitted). As a result, Schwabland has failed to meet his marshaling burden.

■ ¶ 5 Even if Schwabland had complied with rule 24, he fails to demonstrate that the trial court ruled incorrectly. To affirm the denial of a motion to dismiss for insufficient evidence at the conclusion of the State's case-in-chief, we need only find that "some evidence exists from which a reasonable jury could find that the elements of the crime had been proven beyond a reasonable doubt." *State v. Hamilton*, 2003 UT 22, ¶ 41, 70 P.3d 111 (internal quotation marks omitted). Schwabland fails to acknowledge that the jury could have properly convicted him of aggravated burglary based on evidence presented that he formed the intent to commit an assault while remaining unlawfully in the apartment, *see* Utah Code Ann. § 76–6–202(1)(c) ("An actor is guilty of burglary if he *either* enters *or* remains unlawfully in a building ... with the intent to commit an assault on any person ...." (emphases added)); *see also State v. Garcia*, 2010 UT App 196, ¶ 13, 236 P.3d 853. Here, the State presented evidence from which the jury could have concluded that Schwabland formed the intent to commit assault while he was unlawfully inside the apartment.

¶ 6 Affirmed.

¶ 7 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and WILLIAM A. THORNE, JR., Judge.

---

1. We cite to the current version of the Utah Code for the reader's convenience because the relevant language has not changed since the offense was committed.

2. Defendant was also convicted of aggravated assault, *see* Utah Code Ann. § 76–5–103 (Supp. 2010); interference with an arresting officer, *see id.* § 76–8–305 (2008); and obstruction of justice, *see id.* § 76–8–306 (Supp.2010). He does not appeal from these convictions.