2011 UT App 189

**STATE of Utah, Plaintiff and Appellee,**

v.

**Thomas Joseph CHRISMAN, Defendant and Appellant.**

**No. 20090295–CA.**

Court of Appeals of Utah.

June 16, 2011.

---

Michael L. Humiston, Vernal, for Appellant.

Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee.

Before Judges ORME, ROTH, and CHRISTIANSEN.

---

1. We cite to the version of the code in effect at

## MEMORANDUM DECISION

ORME, Judge:

¶1 Defendant appeals his convictions on three counts of rape of a child, *see* Utah Code Ann. § 76-5-402.1 (Supp.1996),[1] six counts of rape, *see id.* § 76-5-402 (1995), and one count of forcible sodomy, *see id.* § 76-5-403(2), all first degree felonies.

¶2 Defendant first contends that the statute of limitations on the three counts of rape of a child had run before he was charged and, thus, prosecution of those counts was barred. Under Utah Code section 76-1-303.5, the statute of limitations the trial court applied in this case, prosecution of Defendant for rape of a child had to be commenced within four years after the offense was reported to a law enforcement agency. *See id.* § 76-1-303.5 (Supp.1996). Defendant contends that the victim's half-sister told a police officer sometime shortly after August 2001—more than four years before charges were filed in May 2006—that Defendant had engaged in sexual relations with the victim. Defendant contends that this communication by the victim's half-sister constituted a "report of the offense" under the statute, *see id.,* and that because this communication was made more than four years before charges were filed, the statute of limitations had run. The trial court, in contrast, concluded that the statute of limitations had not been triggered by the communication because, despite the police officer's inquiries about the situation sometime shortly after August 2001, the victim denied that Defendant had raped her and, thus, there was no "report of the offense" at that time for purposes of the statute.

¶3 Defendant's contention that the trial court erred in determining that the statute of limitations did not begin to run sometime shortly after August 2001 necessarily challenges the "factual underpinnings" of that decision, *see State v. Green,* 2005 UT 9, ¶12, 108 P.3d 710. Accordingly, Defendant is required to marshal the evidence in support of this finding and then show that it is clearly erroneous. *See id.* ¶¶12-13, 27-28 (explaining that to adequately challenge a

the time Defendant was charged.

trial court's finding regarding the existence and content of a communication to law enforcement, the defendant is required to marshal the evidence and then "ferret out a fatal flaw in the evidence") (quoting *West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1315 (Utah Ct.App.1991)).

¶ 4 Defendant has made no attempt to marshal the evidence in support of the trial court's finding. Most notably, Defendant fails to undertake the "painstaking" process of identifying "every scrap of competent evidence introduced at trial which *supports* the very finding[ ] the appellant resists," *Majestic Inv.*, 818 P.2d at 1315 (emphasis in original), because he fails to mention the key evidence supporting the trial court's finding: The victim testified that she never told the investigating police officer sometime shortly after August 2001 that Defendant had raped her. Accordingly, we "presume that the record supports the trial court's factual finding[ ]," *State v. Chavez–Espinoza*, 2008 UT App 191, ¶ 7, 186 P.3d 1023, *cert. denied*, 199 P.3d 367 (Utah 2008), and decline to disturb it, *see Green*, 2005 UT 9, ¶ 35, 108 P.3d 710.[2]

¶ 5 Moreover, even assuming that Defendant's contentions are supported by the record, that is, assuming that the victim told her half-sister that Defendant had raped her and that the half-sister communicated this information to the investigating police officer, Defendant provides no meaningful legal analysis for his conclusion that this alleged communication constituted a "report of the offense" under the applicable statute, *see* Utah Code Ann. § 76–1–303.5 (Supp.1996), given the victim's immediate and categorical denial. *See Green*, 2005 UT 9, ¶¶ 11–12, 28, 40–46, 108 P.3d 710 (noting that meaningful legal analysis and adequate briefing are required when addressing whether the "quantity and quality" of a communication is sufficient to constitute a "report of the offense" to law enforcement sufficient to trigger the applicable statute of limitations). Accordingly, Defendant has failed to adequately brief this claim. *See id.* ¶ 11 (explaining that a brief must fully "identify, analyze, and cite its legal arguments" or it may be "'disregarded'") (quoting Utah R.App. P. 24(k)).

¶ 6 Defendant next argues that the trial court erred in admitting the testimony of the victim's half-sister, who indicated at trial that Defendant had also engaged in sexual relations with her. Defendant recites the standard for assessing the admissibility of "bad acts" evidence under rule 404(b) of the Utah Rules of Evidence found in *State v. Doporto*, 935 P.2d 484, 490 (Utah 1997). But the *Doporto* test for admissibility of bad acts testimony under rule 404(b) was superseded in 1998, a year after *Doporto* was decided. *See State v. Decorso*, 1999 UT 57, ¶¶ 12–26, 993 P.2d 837 (indicating that after the 1998 amendment to rule 404(b) of the Utah Rules of Evidence, *Doporto*'s focus on "special probativeness" and a presumption of inadmissibility are no longer part of the 404(b) analysis), *cert. denied*, 528 U.S. 1164, 120 S.Ct. 1181, 145 L.Ed.2d 1088 (2000). The current test for admissibility of bad acts testimony under rule 404(b) is found in *State v. Nelson–*

---

2. Even if we were to deem the marshaling requirement minimally satisfied, we would nevertheless conclude that Defendant has failed to "ferret out a fatal flaw in the evidence." *See State v. Green*, 2005 UT 9, ¶ 28, 108 P.3d 710 (quoting *West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1315 (Utah Ct.App.1991)). Defendant argues that "[i]t is clear from the unrefuted testimony that [the victim] reported [that she was raped by Defendant] to her [half-]sister . . ., that [the victim's half-sister] reported the matter to [a police officer sometime shortly after August 2001], and that [the police officer thereafter] undertook an investigation, which included [interviewing the victim]." These factual assertions, which form the basis of Defendant's argument, have no support in the record. First, while testimony supports the claim that the victim told her half-sister that she had been raped by Defendant, it is unclear whether this disclosure took place before or after the victim was interviewed by the investigating police officer sometime shortly after August 2001. Second, there is no evidence that the victim's half-sister reported to the investigating police officer that the victim had told her that she was raped by Defendant. Moreover, when given the opportunity to present evidence that the half-sister had reported the victim's disclosure of rape by Defendant, Defendant declined, indicating that everything he had to present on the issue had already been presented. The only other evidence in the record on the issue is the victim's testimony that she did *not* report the offense to the investigating officer when he spoke with her sometime after August 2001, which clearly supports the trial court's conclusion.

*Waggoner,* 2000 UT 59, ¶¶ 18–20, 6 P.3d 1120.

¶ 7 This claim is inadequately briefed because Defendant fails to identify and apply the appropriate test for admissibility of the victim's half-sister's testimony.[3] As a result, analyzing the merits of Defendant's 404(b) argument would require us to bear the "burden of argument and research," *see West Jordan City v. Goodman,* 2006 UT 27, ¶ 29, 135 P.3d 874 (citation and internal quotation marks omitted), which we routinely decline to do. *See Green,* 2005 UT 9, ¶ 11, 108 P.3d 710.

¶ 8 Affirmed.

¶ 9 WE CONCUR: STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN, Judges.

---

**3.** Defendant even fails to apply the superseded *Doporto* standard that he identifies as being ap-   plicable.